**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at LONDON**

**Civil Action No. 09-220-HRW**

**RHONDA S. MELTON, PLAINTIFF,**

**v. MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on November 17, 2006, alleging disability beginning on September 29, 2006, due to nerves, back pain and heart problems (Tr. 131-134, 150). This application was denied initially and on reconsideration.

On June 11, 2008, an administrative hearing was conducted by Administrative Law Judge Burt Francis (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jackie Rogers, Ph.D., a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 9, 2009, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 36 years old at the time of the hearing decision (Tr. 27, 131). She has a high school education and past relevant work experience as a hotel housekeeper, dishwasher, teachers' aide and waitress (Tr. 151, 156).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffers from morbid obesity, bilateral carpal tunnel syndrome, hypothyroidism, degenerative disc disease, osteoarthritis in the right knee, muscle spasms, borderline intellectual functioning and post traumatic stress disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 17-18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18-20).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 25) but determined that she has the residual functional capacity ("RFC") to perform a wide range of light work, with certain restrictions as set forth in the hearing decision (Tr. 20-24).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25-26).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 19, 2009 (Tr. 1-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B. Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate her testimony regarding her pain, symptoms and limitations and (2) the ALJ failed to adequately consider the opinions of her treating physicians.

**C. Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly evaluate her testimony regarding her pain, symptoms and limitations.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record. Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v.*

*Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster as the medical evidence of record does not support Plaintiff's allegations of disabling impairment. To the contrary, the record shows no objective medical condition which would cause the amount and extent of pain alleged by Plaintiff. Neither Dr. Donald Douglas or Dr. Mark Burns found physically impairment (Tr. 380, 412).

In addition, the ALJ noted that Plaintiff's treatment history cast doubt on the true severity of her physical impairments. Indeed, having reviewed the record, the Court finds extensive voids in Plaintiff's medical treatment. Moreover, it appears that Plaintiff has been non-compliant with regard to the recommendations of her treating physicians (Tr. 22). Both these factors belie the existence of a truly disabling impairment.

Furthermore, Plaintiff's daily activities contradict her testimony of disabling pain. She testified that she performs household chores, both inside and well as outside, walks for exercise and shops for groceries (Tr. 22, 42-45). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters,* 127 F.3d at 532 (6th Cir. 1997).

Having reviewed the record, the Court finds that the ALJ properly evaluated Plaintiff's allegations of disabling impairment and that his determination as to Plaintiff's credibility is supported by substantial evidence.

Plaintiff's second claim of error is that the ALJ failed to adequately consider the opinions of her treating physicians.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

With regard to the treating sources at Mary Breckenridge and Kentucky River Community Care, Plaintiff has not stated which opinions were underrated by the ALJ. Indeed, the record contains no specific opinions from these sources regarding Plaintiff's ability to perform work-related activities. However, a plain reading of the hearing decision shows that the ALJ did consider whatever records were submitted from these sources. The Court finds no error here.

Plaintiff also references the opinion of Dr. P.D. Patel, who performed a neuropsychiatric consultative examination and provided a medical source statement of ability to do work-related activity (mental (Tr. 775-780). Dr. Patel

opined that Plaintiff had "poor" ability in several areas.

First, Dr. Patel is not a treating source; thus his opinions are not entitled to deference. Second, his own evaluation reflected no more than "moderate" signs of depression and anxiety, which is at odds with his ultimate opinion. Finally, Dr. Patel's opinion is not consistent with the other medical evidence of record in this regard. Therefore, the Court finds that the ALJ did not err in discounting his opinion.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 8 day of February, 2010.

Henry R. Wilhoit, Jr., Senior Judge